IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 14-209-2** |
| | : | |
| **MALCOLM MOORE** | : | |

## MEMORANDUM

**KEARNEY, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**March 30, 2022**

A man brandished a gun while robbing two banks of over $150,000 with three other persons. A jury found him guilty. We sentenced him after careful consideration of Congress's sentencing factors including his age, lack of criminal history, difficult upbringing, and efforts at rehabilitation. Our Court of Appeals affirmed his sentence. He moved for compassionate release in November 2020 largely relying on a fear of COVID-19 in his correctional facility, a need to care for his ailing mother, and the fact his sentence would be different if we sentenced him now. We denied his first motion for compassionate release because he failed to show an extraordinary and compelling reason warranting release. The man now returns after serving approximately one-third of his sentence seeking compassionate release. He makes the same arguments and asks us to today consider other factors, like his behavior while incarcerated, absence of criminal charges, and the fact he did not discharge his gun during the bank robberies. We commend the man on his rehabilitation efforts and urge him to continue toward a productive life once released. But he again offers no extraordinary and compelling reason to release him during the first third of his sentence. We deny his motion for compassionate release.

I.     **Background**

Malcolm Moore and three other persons robbed two Wells Fargo Bank branches in November 2013.[1] Each of the four co-conspirators played a unique role.[2] One co-conspirator—a Wells Fargo employee—signaled to the others when they should enter the branches.[3] When given the signal, Mr. Moore and two of his co-conspirators entered wearing masks and armed with firearms, announced a robbery, and ordered the employees and customers to the floor at gunpoint.[4] While another co-conspirator remained by the entrance to make sure nobody entered or left, Mr. Moore and another co-conspirator jumped over the counter and demanded money from the bank employees.[5] Mr. Moore brandished a gun in both bank robberies and pointed it at employees and customers.[6] Mr. Moore and his co-conspirators stole over $150,000 from the banks.[7] A jury found Mr. Moore guilty of conspiracy to commit armed bank robbery; armed bank robbery, and aiding and abetting; and carrying, using, and aiding and abetting the use and carrying of a firearm in relation to a crime of violence.[8]

We sentenced Mr. Moore to 385 months of imprisonment and two years of supervised release on March 6, 2018 after considering Mr. Moore's significant role in the robberies and the then-existing mandatory minimum sentences for gun charges.[9] Mr. Moore appealed his sentence, arguing the First Step Act's amendment to the stacking language in section 924(c) should retroactively apply to reduce his mandatory minimum sentence.[10] Our Court of Appeals rejected Mr. Moore's arguments and affirmed his sentence on May 22, 2020.[11]

Mr. Moore, while housed at FCI Petersburg, moved for compassionate release in November 2020.[12] He argued we should release him because COVID-19 jeopardized his health; he needed to care for his mother, who suffers from early onset dementia; he would have received a lesser sentence were he sentenced in 2020 because Congress modified section 924(c) after his

2

sentence; and he does not pose a danger to the community.[13] We denied Mr. Moore's motion.[14] We found his need to care for his sick mother did not constitute an extraordinary and compelling reason for release because Mr. Moore's adult sister and cousin cared for his mother; Mr. Moore's generalized fear of contracting COVID-19 did not warrant release because he did not show serious medical conditions increasing his risk of harm from contracting COVID-19; Mr. Moore still posed a danger to the community; and Congress's changes to the First Step Act did not warrant compassionate release.[15]

Mr. Moore continues to serve his sentence at FCI Petersburg.[16] Mr. Moore served approximately ninety-eight months to date.[17] He has completed various classes and worked as an orderly.[18] The Bureau of Prisons presently calculates his release date as May 31, 2041.[19]

**II.    Analysis**

Mr. Moore again seeks compassionate release. Congress allows us to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions" if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," we find "extraordinary and compelling reasons warrant such a reduction."[20] We may consider the Sentencing Guidelines to determine whether a petitioner presents "extraordinary and compelling reasons" to warrant a reduction in sentence.[21] We may also consider the Sentencing Commission's non-binding policy statement at U.S.S.G. § 1B1.13, which "sheds light on the meaning of extraordinary and compelling reasons."[22]

Mr. Moore restates arguments from his November 2020 motion: risks from COVID-19 persist at FCI Petersburg, his mother's ailing health necessitates release, he does not pose a danger to the community, and Congress removed "stacked" sentences under section 924(c).[23] Mr. Moore also newly argues we should release him because extraordinary and compelling reasons exist under the "catchall" provision in the Sentencing Commission's guidelines.[24]

3

We deny Mr. Moore's motion. Mr. Moore does not persuade us to change our reasoning in denying his first motion. And he does not show extraordinary and compelling reasons for release exist under the "catchall" provision.

### A. Mr. Moore does not persuade us to change our earlier reasoning.

Mr. Moore argues he remains "at high risk of contracting [the] deadly [COVID-19] virus."[25] But as we found in November 2020, Mr. Moore is a healthy young man and does not provide evidence of serious medical conditions placing him at higher risk of serious illness from COVID-19. "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."[26] Mr. Moore's generalized fear of contracting the virus is not an extraordinary and compelling reason to reduce his carefully considered sentence.

Mr. Moore also again argues we should release him because he is the only individual available to properly care for his mother suffering from dementia.[27] But Mr. Moore's sister remains caring for his mother.[28] As we found in denying Mr. Moore's first motion for compassionate release, Mr. Moore is not the only available caretaker for his mother. His mother's need for care is not an extraordinary and compelling need warranting a reduction in his sentence.[29]

Mr. Moore does not persuade us he does not pose a danger to the community. We commend Mr. Moore for his efforts towards rehabilitation. Mr. Moore's chaplain attests to Mr. Moore's rehabilitation through his newfound Muslim faith.[30] We recognize Mr. Moore's educational achievements, strong work performance, and dedication to his faith. But we cannot ignore the seriousness of Mr. Moore's crimes. We commend Mr. Moore's efforts toward rehabilitation, but we are also not persuaded Mr. Moore is no longer a danger to the community.

We reject Mr. Moore's argument Congress's changes to section 924(c) constitute extraordinary and compelling reasons for release. "The nonretroactive changes to the [section]

4

924(c) mandatory minimums . . . cannot be a basis for compassionate release."[31] Interpreting Congress's non-retroactive changes to section 924(c) as "creating an extraordinary and compelling reason for early release . . . would sow conflict within the statute."[32] We do not consider Congress's changes to section 924(c) in determining extraordinary and compelling reasons.

### B. Mr. Moore does not show extraordinary and compelling reasons for release under the Sentencing Guidelines' "catch-all" provision.

We reject Mr. Moore's new arguments extraordinary and compelling reasons exist under the Sentencing Guidelines' "catch-all" provision. We may consider—but are not bound by—the factors the Bureau of Prisons employs when evaluating requests for compassionate release under the Sentencing Commission's section 1B1.13 Note 1(D).[33] The Bureau of Prisons generally considers the medical condition, age, and family circumstances of the defendant to determine whether extraordinary and compelling reasons exist.[34] It also may consider "reason[s] other than" medical condition, age, and family circumstances.[35] These other reasons include the nature and circumstances of the defendant's offense, his criminal history, comments from victims, unresolved detainers, supervised release violations, institutional adjustment, disciplinary infractions, personal history derived from the presentence investigation report, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and "[w]hether release would minimize the severity of the offense."[36]

We reject Mr. Moore's argument "other" factors create extraordinary and compelling reasons for release. Mr. Moore argues he qualifies for a sentence reduction under the "other" reasons as determined by the Bureau of Prisons because he did not discharge or fire a gun during the offenses; he has no unresolved detainers; he was nineteen years old at the time of the offenses and twenty-four years old at the time of sentencing; he grew up in a difficult environment with poor family circumstances; he has no previous criminal history; he has employment secured should

we release him; and, he has shown rehabilitation efforts. We already considered Mr. Moore's lack of previous criminal history and employment availability upon release in our November 30, 2020 Memorandum denying Mr. Moore's first motion.[37] We found these factors could not overcome the serious and violent nature of Mr. Moore's crimes.[38] And we were aware of Mr. Moore's family situation and environment in sentencing him.[39]

Although Mr. Moore meets several of the Bureau of Prison's program statement factors, "the presence of one or more of these factors is not sufficient in and of itself to justify the granting of compassionate release."[40] The factors are mere aids, not independent reasons, to grant compassionate release.[41] Mr. Moore does not establish his circumstances rise to the extraordinary and compelling level necessary to merit release.

### III. Conclusion

Malcolm Moore again moves for compassionate release. He does not present an extraordinary and compelling reason for compassionate release. We deny Mr. Moore's motion for compassionate release without prejudice.

---

[1] ECF Doc. No. 190; Presentence Investigation Report ¶¶ 10–18 (Dec. 7, 2017).

[2] Presentence Investigation Report ¶¶ 10–18.

[3] *Id.* ¶¶ 11, 15.

[4] *Id.* ¶¶ 12, 16.

[5] *Id.* ¶¶ 13, 17.

[6] *Id.*

[7] *Id.* ¶¶ 14, 18.

[8] ECF Doc. No. 190.

[9] ECF Doc. No. 343 at 41–42, 65–68.

---

[10] *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020); ECF Doc. No. 315.

[11] *Wilson*, 960 F.3d at 151.

[12] ECF Doc. No. 374.

[13] *Id.*

[14] ECF Doc. No. 381.

[15] *Id.*

[16] ECF Doc. No. 441 at 1.

[17] ECF Doc. No. 442 at 2. Mr. Moore also has credit for "good conduct" time of approximately fourteen months, bringing his total time served to 112 months of his 385-month sentence. *Id.*

[18] ECF Doc. No. 441 at 7, 13.

[19] *Id.* at 1.

[20] 18 U.S.C. § 3582(c)(1)(A).

[21] *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

[22] *Id.*

[23] ECF Doc. No. 441 at 2–3.

[24] *Id.* at 2.

[25] *Id.* at 5.

[26] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

[27] ECF Doc. No. 441 at 3.

[28] *See id.* at 23–24.

[29] *See, e.g., United States v. Grasso*, No. 17-436, 2020 WL 5217131, at *1–2 (E.D. Pa. Sept. 1, 2020).

[30] ECF Doc. No. 441 at 7.

[31] *Andrews*, 14 F.4th at 261.

---

[32] *Id.*

[33] *Andrews*, 14 F.4th at 260.

[34] *See* U.S.S.G. § 1B1.13, Note 1(A–C).

[35] U.S.S.G. § 1B1.13, Note 1(D).

[36] *See* U.S. Dep't of Justice, Program Statement 5050.50 at 12, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited Mar. 28, 2022).

[37] ECF Doc. No. 381 at 4, 10.

[38] *Id.* at 10.

[39] *See* Pre-Sentence Investigation Report ¶¶ 74–86.

[40] *United States v. Andrews*, 480 F. Supp. 3d 669, 685 (E.D. Pa. 2020).

[41] *Id.*